UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:20-CR-43 DRL-SLC |
| ALLAN J. O'GRADY, | |
| Defendant. | |

OPINION & ORDER

Allan O'Grady moved to suppress evidence obtained during a traffic stop by Sergeant Mathew Blodgett. The court referred the matter to Magistrate Judge Susan Collins, who held an evidentiary hearing. Magistrate Judge Collins recommended denying the motion in its entirety. Mr. O'Grady now objects to the recommendation in part, saying that the vehicle's search occurred without probable cause or reasonable suspicion. The court overrules this objection, adopts the recommendation in its entirety, and denies the motion to suppress.

The court reviews the magistrate's recommendation *de novo*. Fed. R. Civ. P. 72(b)(3). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). If a party fails to object to a magistrate judge's report and recommendation "with sufficient specificity," or objects on some issues and not others, he waives review of the issues to which he has not objected. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). But the bar for "sufficient specificity" is not high; a party must only "specify each issue for which review is sought and not the factual or legal basis of the objection." *Id.* at 741. "The point of making objections is to tell the district judge . . . what issues the parties actually dispute." *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988). The court reviews the unobjected-to portions of the recommendation for clear error only. *Johnson*, 170 F.3d at 739. Clear

error means that the magistrate judge's conclusion is overturned "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Mr. O'Grady argues that the vehicle's search was done without probable cause, without reasonable suspicion, and without his consent [ECF 49 at 1]. Further (though Mr. O'Grady does not complete his sentence) he requests the court find that "any all [*sic*] evidence obtained as a result of the illegal seizure of Defendant at the [*sic*]" [*Id.* at 2]. It is not clear what this request is, but context suggests Mr. O'Grady is saying he wants the evidence from the "illegal seizure" suppressed.

A. *The Search of Mr. O'Grady's Vehicle was Constitutional.*

Mr. O'Grady argues that the vehicle's search without a warrant violated his Fourth Amendment rights. The Fourth Amendment to the United States Constitution establishes the people's right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." As the constitutional text suggests, the "touchstone of the Fourth Amendment is reasonableness." *United States v. Knights*, 534 U.S. 112, 118 (2001). The Fourth Amendment protects a person in his home and on the street, in his room and in his car. It protects people, not places. *Katz v. United States*, 389 U.S. 347, 351 (1967); *see also Terry v. Ohio*, 392 U.S. 1, 8-9 (1968). Mr. O'Grady claims that the search was unconstitutional because it exceeded the scope of the search permitted by the incident-to-lawful-arrest exception to the Fourth Amendment.

Though warrantless searches are generally *per se* unreasonable, law enforcement may search a vehicle without a warrant when there is probable cause to believe that a vehicle contains contraband or evidence of a crime. *United States v. Zahursky*, 580 F.3d 515, 521 (7th Cir. 2009). If law enforcement smells, for example, marijuana coming from a vehicle, the officer has probable cause to search the vehicle. *United States v. Franklin*, 547 F.3d 726, 733 (7th Cir. 2008). The search "lawfully extends to all parts of the vehicle in which contraband or evidence could be concealed, including closed

compartments and trunks," *United States v. Patterson*, 65 F.3d 68, 70 (7th Cir. 1995) (quoting *United States v. Young*, 38 F.3d 338, 340 (7th Cir. 1994)), and packages and containers so long as a reasonable belief exists that contraband could be found there, *United States v. Kizart*, 967 F.3d 693, 695 (7th Cir. 2020); *United States v. Richards*, 719 F.3d 746, 754 (7th Cir. 2013).

As Sergeant Blodgett approached Mr. O'Grady's vehicle on foot after pulling him over for four traffic violations,[1] Sergeant Blodgett moved his head inside Mr. O'Grady's driver-side window and smelled marijuana [ECF 44 at 16, 18]. When asked about the smell, Sergeant Blodgett testified that Mr. O'Grady admitted that a former passenger had possessed marijuana in the vehicle earlier in the day [ECF 44 at 18]. The smell of marijuana, coupled with Mr. O'Grady's admission that someone had possessed marijuana in the car earlier, gave Sergeant Blodgett probable cause to search the vehicle. *See Franklin*, 547 F.3d at 733; *Patterson*, 65 F.3d at 70.

Sergeant Blodgett informed Mr. O'Grady that he was going to search the vehicle and gave Mr. O'Grady the opportunity to be honest about the vehicle's contents [ECF 44 at 30]. Mr. O'Grady then admitted that there was marijuana inside the vehicle. *Id.* The search eventually resulted in the discovery of a bag of marijuana in the center console, and small plastic baggies holding marijuana, empty plastic baggies, and a scale all in a bookbag in the back seat [ECF 44 at 22]. In light of the smell of marijuana and Mr. O'Grady's admissions, probable cause for the search existed. Mr. O'Grady's constitutional rights were not violated. The search permissibly included the center console and the bookbag in the back seat. *Young*, 38 F.3d at 340; *Patterson*, 65 F.3d at 70.

---

[1] A traffic stop is reasonable when a law enforcement officer has probable cause to believe that a traffic violation has occurred. *See Whren v. United States*, 517 U.S. 806, 809-10 (1996). Sergeant Blodgett testified at the evidentiary hearing that he observed Mr. O'Grady commit four traffic violations [ECF 44 at 10-12, 15]. First, Mr. O'Grady drove across the center of the road in violation of Ind. Code § 9-21-8-2. Sergeant Blodgett then observed Mr. O'Grady going 42 mph in a 35-mph zone, and later 48 mph in a 40-mph zone, both in violation of Ind. Code § 9-21-5-2 [ECF 44 at 12 & 15]. Finally, Sergeant Blodgett observed Mr. O'Grady stopping beyond the white stop line in violation of Ind. Code § 9-21-3-8 [ECF 44 at 15]. The magistrate's recommendation indicated that these conclusions were supported both by Sergeant Blodgett's testimony and dash-camera footage [ECF 48 at 7]. There is no basis to disrupt these findings.

The court need not address whether a search incident to a lawful arrest would be constitutional because Sergeant Blodgett had probable cause to search the vehicle based on the smell of marijuana and Mr. O'Grady's admissions. Mr. O'Grady hasn't challenged the pat-down and seizure of the firearm underlying his federal charge. *See Terry*, 392 U.S. at 24.

> B. *The Magistrate's Conclusions About the Reasonableness of the Traffic Stop, the Duration of the Stop, the Pat-Down, and the Admissibility of the Statements are Not Clear Error.*

The court finds that the facts, as set forth in the report and recommendation, support the reasonableness of the traffic stop, the reasonableness of its duration, the reasonableness of the pat-down search, and the admissibility of the statements made by Mr. O'Grady. The report and recommendation accurately cites law related to these issues, and robustly analyzes the facts of this case, as found through testimony and dash-camera footage, in light of the relevant law. The court finds no clear error with the magistrate's conclusions that these events did not violate Mr. O'Grady's constitutional rights.

## CONCLUSION

Accordingly, the court ADOPTS the well-supported and well-reasoned report and recommendation of the magistrate judge in its entirety [ECF 48], OVERRULES Mr. O'Grady's objection [ECF 49], and DENIES the motion to suppress [ECF 23].

SO ORDERED.

April 19, 2021                                             *s/ Damon R. Leichty*
                                                          Judge, United States District Court